UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:06-1156 |
| ) | JUDGE ECHOLS |
| REAL PROPERTIES AND PREMISES ) | |
| KNOWN AS 323 FORREST PARK DRIVE, ) | |
| UNIT 2-4, MADISON, DAVIDSON COUNTY, ) | |
| TENNESSEE, AND ) | |
| 808 NORTH FIFTH STREET, NASHVILLE, ) | |
| DAVIDSON COUNTY, TENNESSEE ) | |
| WITH ALL APPURTENANCES ) | |
| AND IMPROVEMENTS THEREON ) | |
| ) | |
| Defendant. ) | |

## DECREE OF FORFEITURE

On December 1, 2006, the United States filed a Verified Complaint for Forfeiture (D. E. 1) against Real Properties and Premises known as 323 Forrest Park Drive, Unit 2-4, Madison, Davidson, County, Tennessee, and 808 North Fifth Street, Nashville, Davidson County, Tennessee, with all appurtenances and improvements thereon ("Defendant Properties") seeking their forfeiture pursuant to 21 U.S.C. § 881.

It appearing that process was fully issued in this action and returned according to law;

That pursuant to the Notice of Verified Complaint for Forfeiture and Finding of Probable Cause issued by the Court on December 13, 2006, all persons claiming an interest in the defendant property were required to file a Verified Statement of Interest with the Clerk of Court no later than thirty (30) days after the date of service of the complaint or, as applicable, the date of final

publication of the notice of forfeiture and to serve and file an answer within twenty (20) days after the filing of the claim (D.E. 3);

That on January 17, 2007 and January 26, 2007, respectively, Amilcar Butler and Robert Butler were given notice of the forfeiture proceedings by certified mail;

That on January 10, 2007, the Defendant Properties were served with a copy of the Verified Complaint for Forfeiture and the Notice of Verified Complaint for Forfeiture and Finding of Probable Cause (D.E. 5 and 6);

That Public notice to all persons of said forfeiture action was advertised in The City Paper on December 21, 2006, December 28, 2006, and January 4, 2007 (D.E. 7);

That more than thirty days have passed since the final publication of the notice and no person or entity, other than Amilcar Butler and Robert Butler, has filed a claim or answer, or otherwise made an appearance in this action;

That the time for filing a claim pursuant to Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure has expired;

That Amilcar Butler's claim was dismissed by order of this Court on March 28, 2008 (D.E. 45);

That Robert Butler withdrew his claim on May 29, 2008 (D.E. 79);

That the Government and Claimant Robert Butler have agreed to allow Claimant 60 days to remove his personal property from the Defendant Properties.

That a Protective Order has been issued to preserve the Defendant Properties until such time as the United States Marshal Service assumes full control of the Defendant Properties.

The court finds that based upon the sworn affidavit to the complaint for forfeiture *in Rem* (D.E. 1) and the Finding of Probable Cause (D.E. 3), there is a preponderance of the evidence for the forfeiture of the defendant property; that there is a substantial connection between the defendant property and the offense, and that the defendant property shall be forfeited to the United States with no right, title or interest existing in any other person or entity.

Now, therefore, it is hereby ORDERED, ADJUDGED AND DECREED that the Defendant Properties shall be forfeited to the United States.

It is further ORDERED, ADJUDGED AND DECREED that Claimant Robert Butler shall have until August 8, 2008 to remove his personal property from the Defendant Properties.

It is further ORDERED, ADJUDGED AND DECREED that the United States Marshals Service is further directed to dispose of the Defendant Properties according to law as follows: after deduction of any costs incurred by the government in relation to the seizure, forfeiture or sale of the defendant property, the proceeds of the sale of the defendant property will be paid to the Metropolitan Trustee, Real Property Tax Department, 800 Second Avenue North, Suite 2, Nashville, Tennessee to satisfy the property tax liens for tax years 2004, 2005, 2006 and 2007. Any remaining proceeds will be deposited into the Asset Forfeiture Fund and further disbursed according to law.

The entry of this order shall serve as the final judgment in this action.

Dated on this, the __19th__ day of June, 2008.

_____
JUDGE ROBERT ECHOLS
United States District Court